# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40475
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JESUS ALFONSO DOMINGUEZ-PORTILLO,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 1:16-CR-1135-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

   Jesus Dominguez-Portillo appeals the eighteen-month sentence for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40475

having been found unlawfully in the United States following removal. He contends that his sentence above the advisory guideline range of zero to six months was procedurally and substantively unreasonable.

Dominguez-Portillo maintains that the district court erred procedurally by failing adequately to explain the extent of the upward variance. To the contrary, however, the court relied on proper factors and provided a sufficient explanation. *See United States v. Smith*, 440 F.3d 704, 707−08 (5th Cir. 2006). In stating its reasons for a non-guideline sentence, the court considered Dominguez-Portillo's history and characteristics, and it noted the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public.

Dominguez-Portillo claims that the sentence was substantively un-reasonable given the above-noted, alleged procedural errors and because the district court gave undue weight to his "extremely limited" criminal history and failed to give appropriate weight to the applicable guideline range. There is no indication, however, that the court failed to account for a factor that should have received significant weight, gave significant weight to any im-proper factor, or made a clear error of judgment in balancing the relevant factors. *See id.* at 708. Further, the court tied the above-noted reasons to spe-cific facts and particular 18 U.S.C. § 3553(a) factors sufficient to justify the variance. *See Gall v. United States*, 552 U.S. 38, 49−53 (2007). Although the variance was significant, it was not substantively unreasonable. *See, e.g., United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011); *United States v. Saldana*, 427 F.3d 298, 315−16 (5th Cir. 2005).

AFFIRMED.